Richard C. Carrier
134 W. Tulane Rd. Apt. B
Columbus, OH 43202
(510) 932-9536
richard.carrier@icloud.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **Dr. Richard C. Carrier**, | : | Case No. **2:2019-cv-02719-PHX-JJT** |
| Plaintiff, | : | Judge John J. Tuchi |
| v. | : | |
| **Amy Elizabeth Frank**, | : | **REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO APPEAR TELEPHONICALLY** |
| Defendant. | : | |

Defense proposes several arguments for rejecting Plaintiff's motion that imply they are usually rejected for such reasons, or that "not being a lawyer" should deprive Plaintiff of his rights. But acting pro se, the Plaintiff in this case is due the same rights and privileges that any counsel for any other Plaintiff would be granted. The court should therefore rule on Plaintiff's motion as they would any other like motion in like circumstances. The court should therefore grant Plaintiff's motion unless it has not in the past done so in the same or comparable circumstances.

1

As to the Defense's other arguments, I now also make a specific reply.

Defense falsely claims I stated no hardship in my motion warranting a telephonic appearance. I stated a valid financial hardship, further evidenced by the very fact that I have to pursue this case pro se for want of funds. Indeed I am fully ware of the gravity of this lawsuit. That is precisely why I am aware of the need to budget my limited funds carefully to prosecute this case effectively.

Defense counsel has stated no reason for my appearance actually applicable to this instance. I agree there will be hearings for which my appearance will be required. This being only a scheduling conference is not one of them. No exhibits or witnesses need be presented, and there will be no need of observing such details as eye contact and body language; I need merely respectfully listen to the instructions of the court and offer what objections or questions are needed, which can be conducted telephonically without difficulty or prejudice to the defense.

Defense is also being disingenuous with the court by suggesting a scheduling conference will facilitate settlement or narrow any issues. I have already made a very generous settlement offer and it was refused; and my request for a counter-offer has been ignored for nearly a week (and remains unanswered). If this is how the Defense is conducting themselves at this stage, it is clear they have no sincere interest in settling this case in person that would not

already lead to a settlement at a distance. Likewise, any issues they wish to narrow they can easily do so by standard 21st century communications. I have been more than cooperative in negotiating anything necessary with Defense counsel and fully responsive to all their communications.

Defense also alleges I have been remiss in following court rules, but not in any respect relevant to deciding this issue. I have merely failed to apply entirely correct headers to two documents submitted through ECF, a clerical error that was easily remedied and I can be sure not to repeat. No further schooling is required in that matter, and there is no other matter in which I've been deficient.

Meanwhile I do not understand Defense counsel's claim to be paying unfair costs in this matter. They are also appearing pro hac vice from out of state and thus can easily move to appear telephonically as well, which motion I would not oppose; and indeed I highly recommend they do this, as I believe the Defendant should also be careful with her budget in managing this case. If she ignores this advice, I should not be punished for their profligacy, but allowed my right to avail myself of the wisdom of frugality.

Finally, If we take Defense's claim that I have stated no hardship as a request that I elaborate on the hardship I did state, I here include the following observations as now applicable in reply.

Judging from their crafty and disingenuous wording of their opposition brief, Defense counsel might see lawsuits as a weapon with which to bludgeon, aggrieve, and harass. They therefore may wish to compel me to incur expenses that are not necessary to the fair processing of this case. But I see lawsuits as a tool made available to citizens to pursue justice. A citizen's access to justice should not be unduly expensive. And there is no valid purpose served by requiring me to incur costs to attend a scheduling conference in person that I can adequately attend telephonically. All necessary requirements for that conference can be thus discharged without prejudice or injury to the Defense or the aims and needs of the Court, a fact this court itself recognizes by allowing such attendance for other plaintiffs, asking out-of-state parties to file such motions for that very purpose in its Order (Dkt. 17, note 1).

When typical round-trip airfares between Columbus and Phoenix approach or exceed $500, and hotel, car rental, and per diem sum to another $500 or more, attending a brief scheduling conference amounts to at least $1000 in expenses incurred. This is burdensome for a party such as myself, whose gross annual income barely exceeds $52,000 (and net income substantially less because this is all income from running a business with a substantial overhead); and whose monthly rent is $620, making $1000 nearly equal to two month's rent; and who expects the necessary and unavoidable expenses of this case

(including future appearances in court) to range in the many thousands or even tens of thousands of dollars, for which he must budget and save what assets he has (and would advise the Defendant also to do).

I have already exhausted all financial support fighting this case in Ohio and further accumulated an outstanding debt of over $32,000 in legal costs at that still to be paid. Defense actually knows this, as in our preceding Ohio action they deposed me on this very point and received my financial records on discovery. So any claims to the contrary they may be implying now are again disingenuous.

Defense's arguments imply there is no legally valid purpose served by my motion. In answer to that I say that as stated in the *Arizona MIDP Users Manual* (p. 3), an important goal of the court "is to promote justice, reduce costs, and increase speed in the fair resolution of claims," the very purpose of adopting MIDP under General Order 17-08 (Dkt. 4), from which one can infer this is a valid aim of the court generally. And indeed, the Federal Rules of Civil Procedure establish this court's interest in not supporting requests that "harass, cause unnecessary delay, or needlessly increase the cost of litigation" [FRCP 11(b)(1), which is most directly applicable to this action; but likewise 26(g)(1)(B)(ii) even defines such request as serving an "improper purpose"]. The FRCP likewise state as an aim of the court to ensure actions are "neither unreasonable nor unduly burdensome or expensive, considering … the importance of the issues at stake

in the action" [Ibid. 26(g)(iii)]. And nothing substantial is really at stake here for the Defendant.

That very goal of the court to "reduce costs" and avoid "needlessly increas[ing] the cost" of litigation will be served by granting Plaintiff's motion. Whereas Defense has asserted no legally valid reasons to deny it.

DATED this 17 day of June, 2019.

Respectfully submitted,

/s/ Richard C. Carrier
_____

Richard C. Carrier (pro se)
134 W. Tulane Rd. Apt. B
Columbus, OH 43202-1943
(510) 932-9536
richard.carrier@icloud.com

### CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was served upon all parties via CM/ECF on June 17, 2019.

                                             /s/ Richard C. Carrier
                                            _____

                                            Richard C. Carrier (pro se)