Richard C. Carrier
134 W. Tulane Rd. Apt. B
Columbus, OH 43202
(510) 932-9536
richard.carrier@icloud.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **Dr. Richard C. Carrier**, | : | Case No. **2:2019-cv-02719-PHX-JJT** |
| Plaintiff, | : | Judge John J. Tuchi |
| v. | : | |
| **Amy Elizabeth Frank**, | : | **RESPONSE TO DEFENSE MOTION FOR LEAVE TO FILE SUR-REPLY** |
| Defendant. | : | |

Plaintiff does not oppose Defense counsel's motion to add their sur-reply, but does object to false statements made and referenced in said motion.

A careful reading of Federal Rule of Evidence 408 shows I did not violate it. I did not cite the status of settlement negotiations to impeach or prove any fact regarding the claims or counterclaims at issue in this lawsuit, but to respond to Defense counsel's own reference to settlement negotiations as alleged grounds for compelling my appearance at a scheduling conference. I contend this fits the "other purpose" grounds for which such evidence is allowed under 408(b), as "proving a witness's bias or prejudice" and akin to "negating a contention of

1

undue delay" by negating a contention of a particular necessity or value asserted by the Defense in compelling my physical appearance at a scheduling conference that did not require it.

Plaintiff will also allege in their sur-reply that some third party who attempted to bluff them in an attempt to spy out evidence against me actually funded me, which assertion is false. I have received no such funding from that party nor was ever promised it. And Defense presents no evidence I received it. Obviously had that party funded my lawsuit I would not be prosecuting this case pro se.

Nevertheless, as Defense counsel has filed a separate motion to dismiss for which they seek an evidentiary hearing, if the court should support Defense's request for said hearing, I will not oppose the Defense's request to schedule both the scheduling conference and a hearing on their motion for the same or adjacent dates (Defense briefs have I believe declared July 25 or 26 suitable to all parties). I still maintain neither that hearing nor my physical appearance for the scheduling conference are necessary, but will of course adhere to what in its judgment suits the court.

Contrary to what the Defense will claim in their proposed sur-reply, I will of course be able to prove to the required standard that the value of restoring my reputation well exceeds the requisite $75,000 at issue here; but I will leave that to

2

my response in opposition to Defense's motion to dismiss, which I will file before the standard deadline.

I would warn the court to beware that Defense counsel will continue to make these kinds of false assertions in order to game the system against me, particularly abusing the rule that courts may favor even false statements made by non-moving parties, all just to incur additional and unnecessary trouble and expense. But I am confident the court will continue to rule in accordance with law and justice, and I am content to accept a joint-scheduling-conference-and-evidentiary-hearing, on a date suitable to all parties, for which I will appear in person, if after reviewing all briefs the court should deem that necessary.

DATED this 18th day of June, 2019.

Respectfully submitted,

/s/ Richard C. Carrier
_____

Richard C. Carrier (pro se)
134 W. Tulane Rd. Apt. B
Columbus, OH 43202-1943
(510) 932-9536
richard.carrier@icloud.com

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and accurate copy of the foregoing was served upon all parties via CM/ECF on June 18, 2019.

/s/ Richard C. Carrier

Richard C. Carrier (pro se)