Richard C. Carrier
134 W. Tulane Rd. Apt. B
Columbus, OH 43202
(510) 932-9536
richard.carrier@icloud.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **Dr. Richard C. Carrier**, | : | Case No. **2:2019-cv-02719-PHX-JJT** |
| Plaintiff, | : | Judge John J. Tuchi |
| v. | : | |
| **Amy Elizabeth Frank**, | : | **RESPONSE IN OPPOSITION TO DEFENSE'S MOTION TO DISMISS** |
| Defendant. | : | |

Defense alleges my "recent filing shows his claim fails to meet the amount in controversy requirement under 28 U.S.C. § 1332(a)." It does not show any such thing. For such reason Defense motion to dismiss on that account should be denied. Moreover, no oral argument is appropriate at this time as there is no evidence on offer to the court to even discuss in such a manner. Oral argument regarding the evidence pertaining to damages in this case must follow the ordinary course of discovery procedure, which has not even begun nor is there acceptable time to complete it before the requested hearing would occur.

1

**I. Inappropriate Juncture**

It is already ordered by the court that the parties in this case shall develop and present a case management plan that shall include ample and adequate time for discovery, including discovery in phases should the parties concur (Dkt. 17, p. 4, §11(c)-(h) and §12). So if the Defense wishes to separate discovery regarding to damages from, and to precede, the rest, they should do so in negotiating our discovery plan, and then conduct that inquiry according to the resulting court ordered schedule. Which also ought include depositions, and time to research, propose, and discuss any necessary expert testimony that may be applicable (Ibid.). Which plan has not even been submitted (though due to be soon), and certainly not yet reviewed and ordered by the court.

In same, the court ordered a conference to discuss that plan with the court on July 22nd (Ibid., pp. 1-2), so as to make its decisions regarding ordering that plan as proposed or with alteration. It is contrary to the entire purpose of this procedure to precede discovery on questions of evidence (and even the discussion, much less hiring, of any experts that may subsequently be found necessary) before the normally ordered discovery schedule from the court, much less the very conference discussing such order, by filing a motion regarding evidence not even yet ordered to be discovered nor with the ordered deadline for

such discovery met, nor with any disputes there may be over such produced discovery negotiated and addressed. Defense is, in other words, wasting this court's time; and doing so, I contend, to manipulate this court into forcing unnecessary expenses on me (per Dkt. 25: all therein is here reaffirmed).

This court's Order for Mandatory Initial Discovery (Dkt. 4, p. 7) moreover directs that we each "Provide a computation of each category of damages claimed … and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered," which description on the Plaintiff's side was duly delivered to the Defense on June 12 (Dkt. 19 and 26), without any noted challenge or dispute from the Defense to date—even having been made, much less resolved. The same Order made delivery of the documents thus described optional ("You may produce the documents or other evidentiary materials with your response instead of describing them"). But in none of such materials there described is anything the Defense now cites in support of its premature motion; the Defense has made no challenge or request regarding the incompleteness of my description, it did not even make any reference to it in its motion; the Defense has not even yet seen any of the materials thus described; and the Defense has presented the court with no evidence pertaining to the Plaintiff's damages at all.

For all of the above reasons the court should deny this motion to dismiss, and the Defense should await an appropriate juncture, respecting the court's time and scheduling and the purposes thereof, before attempting such a motion again.

**II. Irrelevant Evidence**

In addition to the above points, Defense's Memorandum in Support of their motion (Dkt. 24) contains no evidence sufficient to challenge this Plaintiff's claims of damages affirmed in their Complaint (Dkt. 1, §56-76 and p. 13, §A-E; with §38-43).

Ms. Frank's false allegation of sexual harassment against me is precisely the dispute at issue for which we are seeking trial, and the status of that dispute is not relevant to the present motion which pertains solely to the extent of damages thereby caused, so it was gratuitous even for Defense counsel to mention it. Of course their characterization of this being an attempt to silence someone telling the truth is provably false; evidence will be presented at trial that Frank is not telling the truth about this (see Complaint, Dkt. 1, §31-37, and Answer, Dkt. 15, esp. §33-44, and in particular §46 and §55), and it is every citizen's right to seek relief for such defamation, even a public figure. My Complaint thereby seeks relief.

But Defense now claims this is the "wrong forum" because I am allegedly "not pursuing [my] claim in good faith" and this somehow evinces "a failure to meet the amount-in-controversy requirement." But the Defense's reasoning is manifestly illogical on all points.

I made no statements in my June 17, 2019, reply in support of my motion to appear telephonically (Dkt. 21) that evidence in any way that my claim against Ms. Frank is worth less than $75,000. In their Motion to Dismiss the Defense offers only two items of evidence for this, neither bearing any logical connection to their proposed conclusion, nor would either have any relevance to it as evidence in court.

(a) Defense presents my generous settlement proposal to the Defendant (Motion to Dismiss, Dkt. 24, p. 2, Exhibit 1). That I am willing to forgive the damages already done me in exchange for an honest profession from the Defendant as to what actually happened, thus contributing to restoring my rightful reputation which is even worth more to me in future damages recovered than damages already incurred, in no way argues no damages were done me to be claimed, much less that the whole *or even the latter* amounts to less than $75,000. Such a contention is entirely a non sequitur. *If the Defendant does not admit wrongdoing* then the costs to the Plaintiff, and warranted upon the Defendant, are exactly as Plaintiff has affirmed in his Complaint.

5

None of the cases cited by the Defense on this point are relevant. None address parties willing to forgive past losses in exchange for recovery of future ones, or cases where a plaintiff asks a defendant to admit wrongdoing in exchange for mercy, or any analogous circumstance. It would of course be a perversion of the very idea of justice to suggest that a willingness to show mercy is evidence of absence of harm, and therefore all plaintiffs ought by legal necessity be as cruel as humanly conceivable lest they "lose jurisdiction." The very contention of it from the Defense is revolting. I hope it is also so to this court.

(b) Defense presents a repetition of my declaration of my current income (Ibid., p. 2). This is of course my damaged level of income, which I shall prove at trial is continuous and continuing and is already (and will expectedly continue to be) at least (and certainly more than) $10,000 per year lower than it would be but for the Defendant's defamation against me. It has amounted *already* to over $30,000 in losses; its continuation will inevitably exceed $75,000. It is preposterous for the Defense to suggest that my damaged income can be evidence my income has not been damaged, much less that it will not have been damaged enough to warrant relief in excess of $75,000, when but five more years of enduring the impact of the Defendant's statements will exceed the required amount, even assuming the lowest possible rate of loss, which is already unreasonable; I shall show by time of trial actual losses are even greater.

In this era of "the internet is forever" when no one forgets and activists continue to hound any alleged offender even for infractions decades old, my losses can be expected to extend every year until retirement, which is twenty years after the defamation at issue in this case began to harm my future prospects for income and its associated national retirement benefits (see https://www.ssa.gov/planners/retire/1960.html). For instance, my Wikipedia page alone (e.g. at https://en.wikipedia.org/wiki/Richard_Carrier) can be expected to contain reference to Ms. Frank's defamation for decades, until even beyond my death; and an always common method an individual or organization uses to vet or learn about me is a consultation of Wikipedia. And that is but one of a dozen channels by which this defamation shall continue to plague my income, reputation, standing, opportunities, SSA benefits, emotional well being, et al.

The Defense has shown no evidence with which to calculate that the actual damage done me is any less than I have affirmed, much less below $75,000. And this is so even with respect to financial damages alone (the "special damages" claimed); the Defense's motion completely ignores damages in emotional distress and in respect to reputation and social standing et al. (the "general damages" claimed; to some of which I have already testified under oath: *Richard Carrier v. FreethoughtBlogs Network et al.*, United States District Court, Southern District of Ohio, Eastern Division, Case Number 2:16-cv-00906, Dkt. 41, pp.

111-13; likewise, Ibid., pp. 59-60, etc.), which even by themselves can reasonably exceed the requisite $75,000, and will surely do so in combination with the calculated financial damages. Indeed, even reduced judgments for comparable emotional distress, on the least presented evidence (merely the testimony of the distressed and at most another witness), rarely range below $100,000 and even more rarely below $50,000 (*Schmitz v. Aston*, 197 Ariz. 264 [Ariz. Ct. App. 2000], at 279; see also the judgment in *Zhang v. American Gem Seafoods, Inc.* 339 F.3d [2003], United States Court of Appeals, Ninth Circuit, esp. at 1040-1041; a survey of examples even from the there-mentioned Fourth Circuit can be found in *Weihua Huang v. Rector & Visitors of the Univ. of Virginia*, 896 F. Supp. 2d 524 [W.D. Va. 2012], Dkt. 135, p. 15, with pp. 15-22).

After so many examples now in the public eye, no reasonable person today can anymore doubt the emotional impact and damage to reputation and standing caused by public allegations of sexual harassment and assault. Combined with the expected losses from being disinvited or not invited to event and direct sales opportunities because of it, and the loss of patron support and sales of products owing to wide public disdain, and other like losses, and punitive damages besides, there can be no reasonable presumption my damages in total will not be more than sufficient for this court's jurisdiction to apply.

The fact that as a public figure I am entitled to presumed damages only further secures this fact, as case law generally holds that actual damages under Defamation Per Se (Plaintiff's Complaint, Dkt. 1, Count One) can be thereby presumed greater than even are proved (e.g. *Hirsch v. Cooper*, 153 Ariz. 454, 458 [Ct. App. 1986]; *Schmitz v. Aston*, 197 Ariz. 264 [Ariz. Ct. App. 2000]; of course *Dombey v. Phx. Newspapers, Inc.*, 150 Ariz. 476, 724 P.2d 562 [1986]; and see RAJI (Civil) 5th, "Defamation 8: Presumed Damages," p. 12, with sources cited in the "Use Note" appended thereto). We must likewise account for reasonably expected punitive damages; for not only is it that "a potential award of presumed damages counts toward the jurisdictional amount" in addition to proven damages but "any potential award of punitive damages, which are also available in defamation per se cases, also helps to satisfy the jurisdictional amount," *Freeman Holdings of Ariz., L.L.C. v. Doe*, No. CV-11-01877-PHX-NVW [D. Ariz. Jan. 18, 2013] at 3).

Presumed and punitive damages are accumulative, with each other and with provable damages, and their amounts are for a jury to decide. As is the question of how much I shall continue to endure these losses—special and general, provable and presumed—and thus what my total losses reasonably claimable shall be. I am therefore entitled to a jury's decision in this regard. The Defense

has no valid claim at this point that a jury shall decide even against the amounts I'm claiming, much less against any amount above $75,000.

No "rule of law or limitation of damages would make it virtually impossible … to meet the amount-in-controversy requirement" in this case, and the Defense has presented no "independent facts [to] show that the amount of damages was claimed merely to obtain federal court jurisdiction" (quoting *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d [9th Circuit, 1982] at 364). Indeed to do so the Defense must show this to a "legal certainty," not merely allege it with innuendo, for "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal" (*Naffe v. Frey*, 789 F.3d [9th Cir. 2015] IV.A, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 [1938]). The Defense has not met this burden; and with the evidence they've presented, cannot.

**Conclusion**

This court should deny the Defense's motion to dismiss at this time, as being premature and without adequate grounds.

Defense can later attempt a motion to dismiss on such grounds, if they ever find any they deem worthy of the court's time to argue over, after the appropriate

and relevant court-ordered discovery is completed in a fair time and by a reasonable schedule, per the case management plan soon to be jointly submitted by both parties and to be discussed at the scheduling conference already ordered by this court.

To contend over evidence before even that task has been completed would be grossly contrary to the ordinary course of handling cases set forth in the Federal Rules of Civil Procedure (cf. Rule 16 and 26), the whole purpose of which is to ensure the scheduling of ample and adequate time for discovery on all such contested matters, so as to inform any relevant motions pertaining to the evidence thus revealed and examined. Consequently even oral argument at this time is premature, unnecessary, and inappropriate.

The fact that the Defense has offered this court no relevant evidence at all on the matter only further warrants that conclusion.


DATED this 27th day of June, 2019.


Respectfully submitted,

/s/ Richard C. Carrier
―――――――――――――

Richard C. Carrier (pro se)
134 W. Tulane Rd. Apt. B
Columbus, OH 43202-1943
(510) 932-9536
richard.carrier@icloud.com

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and accurate copy of the foregoing was served upon all parties via CM/ECF on June 27, 2019.

/s/ Richard C. Carrier
_____

Richard C. Carrier (pro se)