Richard C. Carrier
134 W. Tulane Rd. Apt. B
Columbus, OH 43202
(510) 932-9536
richard.carrier@icloud.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Dr. Richard C. Carrier**, | Case No. **2:2019-cv-02719-PHX-JJT** |
| Plaintiff, | Judge John J. Tuchi |
| v. | |
| **Amy Elizabeth Frank**, | **SUR-REPLY TO DEFENDANT'S REPLY IN SUPPORT OF DEFENSE'S MOTION TO DISMISS** |
| Defendant. | |

Plaintiff Richard Carrier respectfully submits this sur-reply in opposition to Defendant Frank's motion to dismiss for lack of subject matter jurisdiction in respect to claimed damages (Dkt. 23). Defendant's Reply (Dkt. 35) raised a new issue and evidence that warrants a sur-reply.

In Defendant's Reply, a new argument was made pleading for dismissal, regarding the number of parties allegedly sued for the same damages. This was not pled in the original motion. Plaintiff seeks a fair opportunity to respond.

Defense states that Plaintiff "previously made these same claims against seven defendants" and proposes that therefore any damages claimed against

1

Frank must be divided by seven. In fact the current litigation identifies only four responsible parties. As Defense affirms, "He has since brought two additional actions against three of those prior defendants," with Frank making four, which are in fact continuation of litigation for the same damages in controversy, and no other actions are pending or can be sought.

Plaintiff does not concur it is valid to claim that damages must be divided equally among all responsible parties. Nevertheless, even if we grant that the damages must be divided equally among all parties, the divisor must be four, not seven, as only four parties are now identified as responsible; or indeed only three, as two are a joint party (Lauren Lane and Skepticon, Inc., a corporate officer and the corporation she was acting on behalf of). And all these other parties' defamation was precipitated by and reference Frank's defamatory publication(s) in their own.

In his Complaint Carrier claims in good faith actual damages in the amount of $250,000 and punitive damages in equal amount. Plaintiff has made a good faith pleading that he can demonstrate at trial that he has suffered and can expect to suffer on account of Defendant's defamation a financial loss of at least $10,000 for at least twenty years in event and direct sales income; and more than that, in presumed losses to other sales, royalties, teaching, and patron-generated income, and subsequent lost social security returns owing to all

reduced income from those previous years. This amounts to at least $200,000 in provable damages, in addition to further presumable damages, which can amount to many tens of thousands of dollars. Damages in emotional distress and lost reputation and social standing et al., likewise and additionally. Ergo, Plaintiff's claimed actual damages of $250,000 is legally reasonable and a very possible jury outcome as regards Plaintiff's total damages, however distributed.

Nevertheless, even if we presume only the provable damages of $200,000 were to matter (and that's not the case), and even if we presume they must be divided equally among the four parties alleged responsible (and that's not been demonstrated), the resulting amount would be $50,000. As punitive damages in an amount equal to actual damages is a typical and even a low expectation given usual jury practices and precedent when punitive damages are awarded in defamation cases, it is legally reasonable to expect a finding of as much as $50,000 in such case, certainly reasonable enough an expectation to warrant seeking a jury decision regarding it. Thus, even by these implausibly low estimates, actual and punitive damages would sum to $100,000, which exceeds the required threshold of $75,000. And $100,000 is already lower than is likely findable in this case, as these calculations just made disregard many other assessable damages per above, and assume equal fault without demonstration, and a low expectation as to punitive damages.

The "amount in controversy" must exceed $75,000. Substantially more than that is legitimately in controversy in this case. And it is highly unlikely a jury will find the total amount of damages claimable on this defendant is less than even $100,000, for all the reasons heretofore pled. The Defense's motion to dismiss for want of sufficient claimable damages should therefore be denied.

DATED this 3rd day of July, 2019.

Respectfully submitted,

/s/ Richard C. Carrier
_____

Richard C. Carrier (pro se)
134 W. Tulane Rd. Apt. B
Columbus, OH 43202-1943
(510) 932-9536
richard.carrier@icloud.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and accurate copy of the foregoing was served upon all parties via CM/ECF on July 3, 2019.

/s/ Richard C. Carrier
_____

Richard C. Carrier (pro se)