Richard C. Carrier
134 W. Tulane Rd. Apt. B
Columbus, OH 43202-1943
Tel: (510) 932-9536
Email: richard.carrier@icloud.com

Plaintiff proceeding *pro se*

**RANDAZZA LEGAL GROUP, PLLC**
Marc J. Randazza, AZ Bar No. 027861
LaTeigra C. Cahill, pro hac vice
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
ecf@randazza.com

*Attorneys for Defendant*
Amy Elizabeth Frank

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
### PHOENIX DIVISION

| | |
|---|---|
| Richard C. Carrier, Ph.D.,<br>    an individual,<br><br>                    Plaintiff,<br><br>            v.<br><br>Amy Elizabeth Frank,<br>    an individual,<br><br>                    Defendant. | No. CV-19-02719-PHX-JJT<br><br>**JOINT PROPOSED CASE**<br>**MANAGEMENT PLAN** |

    Plaintiff, Richard C. Carrier, Ph.D., and Defendant, Amy E. Frank, hereby jointly

submit this Proposed Case Management Plan pursuant to the Court's Order dated June 11,

2019 (Doc. No. 17) and Fed. R. Civ. P. 26(f).  On June 25, 2019, Dr. Richard Carrier, on

behalf of himself, and LaTeigra Cahill, on behalf of Ms. Frank, conferred to discuss the

nature and bases of the claims and defenses, the possibility of promptly setting or resolving

the case, and the other matters set forth in the Court's Order.

1        **1.**      **Nature of the case and factual and legal issues in dispute.**

2             **a.  Plaintiff's Claims and Defenses:**

3        Plaintiff Richard C. Carrier is a public speaker and author among whose business

4   enterprises is the pursuit of event and direct sales income, by being paid to speak at events

5   and selling his books. Defendant Amy Elizabeth Frank, then Amy Skiba (married to Phillip

6   Skiba), was in 2015 an officer and organizer for the Secular Student Alliance's (SSA)

7   affiliate campus organization at Arizona State University (ASU). In April of that year

8   Frank helped organize an event for Carrier to speak and sell his books. After which they

9   and others attended a series of afterparties ending at the home of Mr. Forrest Schreick,

10  another officer and organizer for the ASU SSA, in whose home Carrier was staying the

11  night.

12       Plaintiff avers that nothing untoward occurred between him and Defendant; that he

13  never said anything lurid to her nor touched her in any substantial way; and that their only

14  substantive interaction occurred at the end of that evening and in subsequent Facebook

15  messages, wherein Frank and Carrier mildly expressed mutual romantic interest.

16  Nevertheless, some time later and unknown to Carrier at the time, Frank complained of his

17  behavior to the SSA, making what Plaintiff avers are false allegations about what

18  happened. Then in June of 2016 Frank published her complaints, seeking public attention

19  and action, making allegations of sexual harassment and assault and of Carrier's danger to

20  children. Which Plaintiff avers damaged his life and business. Plaintiff further avers he can

21  prove she knew these allegations to be false, warranting a cause of defamation.

22       With respect to Defendant's Counterclaims, Plaintiff avers his contested statements

23  are all true or opinion/hyperbole, that Defendant is a limited purpose public figure requiring

24  an actual malice standard, that Defendant cannot demonstrate recoverable damages, and

25

that the Defendant is not the improper party, as she published her own Facebook post containing the alleged defamation, and the only content of the GoFundMe post alleged defamatory consists of material Defendant wrote herself, circulated to other persons, and asked other parties to publish or distribute publicly and privately. Plaintiff denies defense's contrary assertions set forth below.

### b.  Defendant's Claims and Defenses:

In May 2015, Dr. Richard Carrier, a well-known secular writer, spoke as a guest lecturer at a school-club ("SSA") event that took place at Arizona State University ("ASU"). In violation of SSA's enumerated policies, Dr. Carrier joined a group of students after the lecture for drinks. Dr. Carrier talked about his sex life for the rest of the night and made sexual advances toward Ms. Frank. Dr. Carrier also touched Ms. Frank's leg and arm.  Shortly thereafter, Ms. Frank complained about Dr. Carrier's behavior to another SSA officer, and the SSA officer reported the incident. On June 15, 2016, Ms. Frank revealed in a Facebook post ("Facebook Post") that she had been one of the women who had complained about Dr. Carrier's sexual misconduct after her school event. On July 30, 2016, a third-party posted a second article ("GoFundMe Article") to raise funds for Ms. Frank given that Dr. Carrier had threatened to sue her. On September 1, 2016, Dr. Carrier filed a lawsuit against Ms. Frank for defamation and related claims in the Southern District of Ohio in bad-faith; that court dismissed his case for lack of jurisdiction.

In further retaliation against Ms. Frank, On June 12, 2018, Dr. Carrier published an article where he falsely called Ms. Frank a liar and he has used his substantial online presence and connections to powerful people to create a campaign to discredit Ms. Frank. On April 29, 2019, Dr. Carrier sued Ms. Frank again in this Court for defamation and related claims. Ms. Frank's defenses to Dr. Carrier's claims include the fact that Carrier

has failed to state a claim, the statute of limitations has expired, truth and/or substantial truth, opinion and/or rhetorical hyperbole, lack of actual malice, the fact that Dr. Carrier is libel-proof, that Dr. Carrier lacks damages, has failed to mitigate his damages, and has not sued the proper party in regard to the GoFundMe Article. Ms. Frank's counterclaims against Dr. Carrier for defamation and false light are in regard published statements he made calling her a liar.

**2.    Elements of proof.**

    **a.  Plaintiff's position:**

Plaintiff has pled Four Counts in his Complaint and Four Affirmative Defenses in his Answer to Defendant's Counterclaim. Defendant has pled Two Counts in her Counterclaim and Ten Affirmative Defenses in Answer to Plaintiff's Claim. Some of which overlap and describe the same burdens upon each claimant affirming the same Count or Affirmative Defense.

    (i)    **Count One - Defamation Per Se:**

Plaintiff bears the burden of proving that Defendant published false statements about Plaintiff which brought Plaintiff into disrepute, contempt, or ridicule, and impeached his honesty, integrity, or reputation. Turner v. Devlin, 848 P.2d 286, 288-89 (Ariz. 1993). Plaintiff also bears the burden of proving actual malice attended the publication, per §2a(viii) below, "Affirmative Defense — Public Figure." With respect to the question of proving damages, however, refer to § 2a(ix) below, "Affirmative Defense — Lack of Damages."

    (ii)    **Count Two — Defamation Per Quod:**

Plaintiff bears the burden of proving that Defendant published false statements about Plaintiff which caused material harm, as "no damages are presumed, but they must

be specially alleged and proved," ergo "special damages" per A.R.S. § 12-653.01. Illitzky v. Goodman, 57 Ariz. 216, 221 (Ariz. 1941). Which means Plaintiff must demonstrate lost profits or other "pecuniary loss." *Boswell v. Phoenix Newspapers, Inc*., 152 Ariz. 1, 6 n.4.

Upon meeting such burden Plaintiff will also bear the burden of proving additional general damages. With regard to emotional distress, "at common law generally one could recover for one's emotional distress caused by another's defamatory act only if the defamation were actionable per se *or if one proved pecuniary losses resulting from the defamation*" (emphasis added), *Id.* 6. Additionally, recovery of general damages per quod includes recovery for "loss of reputation." *Id.* at 5-6 and per A.R.S. § 12-653.01.

(iii)   **Count Three — Intentional Infliction of Emotional Distress:**

Plaintiff bears the burden of proving that (1) "the conduct of the defendant [was] extreme and outrageous," that (2) "the defendant … either intend[ed] to cause emotional distress or recklessly disregard[ed] the near certainty that such distress will result from [their] conduct," and that (3) "severe emotional distress [did] indeed occur as a result of defendant's conduct." *Coffin v. Safeway, Inc*., 323 F. Supp. 2d 997 (D. Ariz. 2004) at 1003.

Per same, "Arizona follows the definition of the 'extreme and outrageous conduct' element provided in the Restatement (Second) of Torts § 46 (comment d)," to wit, "to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community," such that "the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'." *Id.*, "Because the terms 'outrageous conduct' and 'severe emotional distress' evade precise legal definition, a case-by-case analysis is necessary." Id.

(iv)    **Count Four — Negligent Infliction of Emotional Distress:**

Plaintiff would bear the burden of proving that "the shock or mental anguish" he endured was "manifested as a physical injury" and resulted "from witnessing an injury to a person with whom the plaintiff has a close personal relationship." Keck v. Jackson 122 Ariz. 114 (1979) citing Restatement (Second) of Torts § 436A (1965). Which does not apply in the instant case. Accordingly, Plaintiff relinquishes his claims as regards this count, and will not pursue it further in this action.

(v)    **Counterclaim Count One — Defamation (per se or per quod)**

In respect to Count One of their Counterclaim, Defendant bears the same burdens of proof as described for the Plaintiff above (under §2.a(i) and §2.a(ii)).

(vi)    **Counterclaim Count Two — False Light**

Plaintiff is in agreement with the Defendant in this matter (per b(ii) below).

(vii)    **Affirmative Defense – Truth or Substantial Truth:**

Plaintiff bears the burden of proving the falsity of Defendant's statements. *St. Amant v. Thompson*, 390 U.S. 727 (1968). This is especially so when it is a matter of public concern. *Turner v. Devlin*, 174 Ariz. 201, 205, 848 P.2d 286, 290 (1993). "A statement regarding matters of public concern must be provable as false before a defamation action can lie." *Id*. "Because truth is an affirmative defense, the burden of proving falsity lies only on those plaintiffs who are defamed by speech that is a matter of public concern." *Id*. Defendant bears the same burden with respect to her Counterclaim against the Plaintiff.

(viii)    **Affirmative Defense – Public Figure / Lack of Actual Malice:**

Plaintiff affirms he is a public figure thus establishing a privilege with respect to Defendant's publications — as concerning a public figure — which requires Plaintiff to prove actual malice. "A public figure plaintiff must show that the defendant acted with

'actual malice' — that is, 'knowledge that [a statement] was false' or 'reckless disregard of whether it was false or not.'" *Id.* at 1129 (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964)). "This burden must be satisfied by clear and convincing evidence." *Id.* at 1129 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986)).

Plaintiff likewise will allege the same with regard to the Defendant and her Counterclaim, that she is a limited purpose public figure, given that a public figure is anyone who "voluntarily injects himself or is drawn into a particular public controversy." *Flowers v. Carville*, 310 F.3d 1118, 1129 (9th Cir. 2002) citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 351 (1974).

(ix)    **Affirmative Defense — Lack of Damages**

In respect to her Counterclaim, Count One, Defendant bears the same burden of proving claimable damages as Plaintiff bears with respect to his Claim, Counts One or Two.   In respect to his Claim, Count One, Plaintiff's damages are presumed if all other elements are proved, which includes the burden set forth in §2.a(i) above, as well as, additionally, to recover presumed damages Plaintiff (and Defendant with respect to her Counterclaim) bears the burden of proving "the defamatory statement imputes to the plaintiff (i) a criminal offense punishable by imprisonment or regarded by public opinion as involving moral turpitude" or "(iii) unfitness for the proper conduct of his lawful business, trade, or profession" or "(iv) serious sexual misconduct." Rev. Ariz. Jury Inst. (Civil), Defamation 8, "Presumed Damages," *use note*, and Restatement (Second) of Torts §§ 570 –574, supported by *Green Acres Trust v. London*, 142 Ariz. 12, 22, 688 P.2d 658, 668 (Ct. App.1983), which was affirmed in part and vacated in part, 141 Ariz. 609, 688 P.2d 617 (1984).

1   Plaintiff may also recover proved damages. To recover proved damages,
2  additionally or besides presumed damages, Plaintiff bears the burden of proving financial
3  loss and/or emotional distress or loss of reputation, which must be "proved by the evidence
4  to have been caused by [Defendant]'s false and defamatory statements," such that resulting
5  is an "Impairment of reputation and standing in the community suffered and reasonably
6  likely to be suffered in the future" and "Emotional distress, humiliation, inconvenience,
7  and anxiety experienced and reasonably probable to be experienced in the future," per Rev.
8  Ariz. Jury Inst. (Civil) 5th, Defamation 7, "Damages Generally" and *Gertz v. Welch*, 418
9  U.S. 323 (1973); Restatement (Second) of Torts §§ 621 cmt. b, 623 (1977); and A.R.S. §§
10  12-652.01 and 12-653.01.

11   With respect to the Plaintiff's burden of proving injury, "actual injury is not limited
12  to out-of-pocket loss" but includes "the more customary types of actual harm inflicted by
13  defamatory falsehood" which "include impairment of reputation and standing in the
14  community, personal humiliation, and mental anguish and suffering," *Gertz*, 418 U.S. at
15  350-51, 94 S. Ct. at 3012. Such "awards must be supported by competent evidence
16  concerning the injury, although there need be no evidence which assigns an actual dollar
17  value to the injury." As such, Plaintiff avers that presumed damages can be greater than
18  proved damages, if proved to exist in addition to them.

19   In respect to his Claim, Count Two, Plaintiff must prove special damages as set forth
20  in §2a(ii) above; and to recover general damages in addition, Plaintiff bears the burden of
21  proving emotional distress or loss of reputation; in particular, these damages must be
22  "proved by the evidence to have been caused by [Defendant]'s false and defamatory
23  statements," to wit, "Impairment of reputation and standing in the community suffered and
24  reasonably likely to be suffered in the future" and "Emotional distress, humiliation,
25

inconvenience, and anxiety experienced and reasonably probable to be experienced in the future," per Rev. Ariz. Jury Inst. (Civil) 5th, Defamation 7, "Damages Generally" and *Gertz v. Welch*, 418 U.S. 323 (1973); Restatement (Second) of Torts §§ 621 cmt. b, 623 (1977); and A.R.S. §§ 12-652.01 and 12-653.01.

In respect to his Claim, Counts Three and Four, Plaintiff's burden of proving damages is as stated under §2.a(iii) and §2.a(iv), respectively.

### b. Defendant's position:

### Defendant's Counter Claims

**(i)    Count One—Defendant's Claims for Defamation and/or Defamation *Per Se/Per Quod*:**

In order to establish defamation, Ms. Frank must prove: (1) defendant made a false statement regarding plaintiff, (2) the statement was defamatory, (3) the statement was published to a third party, and (5) damages. See *Malofeev v. Unknown Party*, No. CV-14-02684-PHX-DLR, 2016 U.S. Dist. LEXIS 5928, at *4 (D. Ariz. Jan. 19, 2016), citing to See *Morris v. Warner*, 160 Ariz. 55, 770 P.2d 359, 366 (Ariz. Ct. App. 1988). Actual Malice is not required because Ms. Frank is not a public figure. *Id.* "To be defamatory, a publication must be false and must bring the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff s honesty, integrity, virtue, or reputation." *Ultimate Creations, Inc. v. McMahon*, 515 F. Supp. 2d 1060, 1065 (D. Ariz. 2007). "In Arizona, a publication which impeaches the honesty, integrity or reputation of a person is [defamatory] per se." *Bobolas v. Does*, No. CV-10-2056-PHX-DGC, 2010 U.S. Dist. LEXIS 110856, at *10 (D. Ariz. Oct. 1, 2010); citing to *Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 560 P.2d 1216, 1222 (Ariz. 1977). Defamation Per Quod is proven

only by considering extrinsic information, and actionable only upon proof of pecuniary loss. *Boswell v. Phx. Newspapers*, 152 Ariz. 1, 2, 730 P.2d 178, 179 (Ct. App. 1985).

### (ii)   Count Two—False Light:

To establish a false light claim, a plaintiff must show that the defendant (1) made statements about the plaintiff (2) to the public that are (3) highly offensive to a reasonable person and (4) the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed. See *Hart v. Seven Resorts*, 190 Ariz. 272, 273, 947 P.2d 846, 847 (Ct. App. 1997).

## Defendant's Affirmative Defenses

### (i)   Defendant's elements of proof for failure to state a claim:

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Guadiana v. City of Mesa*, No. CV 19-01641-PHX-JJT (JFM), 2019 U.S. Dist. LEXIS 115441, at *3 (D. Ariz. July 10, 2019) (citing to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Guadiana v. City of Mesa, supra, citing to Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Federal Rules of Civil Procedure expressly permit parties to plead failure to state a claim for relief in a responsive pleading. See Fed. R. Civ. P. 12(b), (h)(2). *Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2017 U.S. Dist. LEXIS 41399, at 7 (D. Ariz. Mar. 22, 2017)("[D]istrict courts have long allowed defendants to plead failure to state a claim as an affirmative defense.") *Ventures Edge Legal PLLC v. GoDaddy.com LLC*, No. CV-15-02291-PHX-GMS, 2017 U.S. Dist. LEXIS 41399, at *7 (D. Ariz. Mar. 22, 2017).

**(ii)      Defendant's elements of proof for expired statute of limitations:**

AZ § 12-504 states in part that, "[i]f an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination." However, regarding A.R.S. § 12-504(A), relief under the savings statute is discretionary. When determining whether a plaintiff should be permitted to refile, "the court should ascertain whether the plaintiff acted reasonably and in good faith…" *Jepson v. New*, 164 Ariz. 265, 792 P.2d 728, 735 (Ariz. 1990) (internal quotation and citation omitted).

**(iii)     Defendant's elements of proof for truth:**

"[T]ruth is an absolute defense to defamation*." Manriquez v. City of Phx.*, No. CV-11-1981-PHX-SMM, 2014 U.S. Dist. LEXIS 44549, at 39 (D. Ariz. Mar. 31, 2014). Plaintiff bears the burden of proving the falsity of Defendant's statements. *St. Amant v. Thompson*, 390 U.S. 727 (1968).

**(iv)    Defendant's elements of proof for substantial truth:**

In Arizona, "substantial truth is sufficient to defeat an action for defamation." *Wietecha v. Ameritas Life Ins. Corp.*, No. CIV 05-0324-PHX-SMM, 2006 U.S. Dist. LEXIS 70320, at 20 (D. Ariz. Sep. 27, 2006), *Fendler v. Phoenix Newspapers Inc.*, 130 Ariz. 475, 636 P.2d 1257, 1260-61 (Ariz. Ct. App. 1981). "[S]ubstantial truth, like absolute truth, [means a] defendant should not be required to justify every word of the alleged defamatory matter." *Wietecha v. Ameritas Life Ins. Corp, supra.* "[T]he issue is then for

the Court to determine whether the "gist" or "sting" of the libelous charge was substantially different from the actual truth." *Id.* (citation omitted).

### (v) Defendant's elements of proof for opinion or rhetorical hyperbole:

"Statements of rhetorical hyperbole are not actionable and "[t]he law provides no redress for harsh name-calling." *Ultimate Creations, Inc. v. McMahon*, 515 F. Supp. 2d 1060, 1065 (D. Ariz. 2007)(internal citations omitted). Malice requirements provide additional protection for statements of "opinion" on matters of public concern that reasonably imply false and defamatory facts about public figures or officials. *Yetman v. English*, 168 Ariz. 71, 73, 811 P.2d 323, 325 (1991). To determine whether a statement can be reasonably interpreted as a factual assertion, a court "must examine the totality of the circumstances in which it was made." *Underwager v. Channel 9 Australia*, 69 F.3d 361, 366 (9th Cir. 1995).

### (vi) Defendant's elements of proof for lack of actual malice:

"To satisfy First Amendment concerns, a public figure plaintiff must show that the defendant acted with actual malice*." Ultimate Creations, Inc. v. McMahon*, 515 F. Supp. 2d 1060, 1063 (D. Ariz. 2007). A statement is made with "actual malice" in defamation law when it is made "with knowledge that it was false or with reckless disregard of whether it was false or not." *Tennenbaum v. Ariz. City Sanitary Dist.*, No. CV-10-02137-PHX-GMS, 2015 U.S. Dist. LEXIS 160811, at 14 (D. Ariz. Dec. 1, 2015), citing to *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 84 S. Ct. 710, 11 L. Ed. 2d 686 (1964).

(vii)   **Defendant's elements of proof for libel proof plaintiff and/or incremental harm:**

The libel-proof plaintiff doctrine has not yet been adopted or rejected in Arizona. *See Scottsdale Pub. v. Superior Court*, 159 Ariz. 72, 74, 764 P.2d 1131, 1133 (Ct. App. 1988)(recognizing but declining to address the libel-proof plaintiff doctrine); citing to *Note, The Libel-Proof Plaintiff Doctrine*, 98 Harv.L.Rev. 1909 (1985), and *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298 (2d Cir.1986). Per *The Libel-Proof Plaintiff Doctrine,* an individual may be libel-proof: 1) on any subject or, 2) on a single issue. See *Note, The Libel-Proof Plaintiff Doctrine*, 98 Harv. L. Rev. at 1910. "[A] plaintiff's reputation with respect to a specific subject may be so badly tarnished that he cannot be further injured by allegedly false statements on that subject." *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 303 (2d Cir. 1986).

Conversely, "[t]he incremental libel-proof doctrine involves an examination of the challenged communication rather than a finding of a previously damaged reputation." *Id.* The test is: "the judge evaluates the defendant's communication in its entirety and considers the effects of the challenged statements on the plaintiff's reputation in the context of the full communication. If the challenged statement harms a plaintiff's reputation far less than unchallenged statements in the same article or broadcast, the plaintiff may be held libel-proof." *Id.*

(viii)   **Defendant's elements of proof for lack of damages:**

Damages is one of the elements of defamation. *See Malofeev v. Unknown Party*, No. CV-14-02684-PHX-DLR, 2016 U.S. Dist. LEXIS 5928, at *4 (D. Ariz. Jan. 19, 2016), citing to *See Morris v. Warner,* 160 Ariz. 55, 770 P.2d 359, 366 (Ariz. Ct. App. 1988).

Thus, if a defamation plaintiff does not have damages, then the plaintiff cannot succeed on a claim for defamation.

### (ix)   Defendant's elements of proof for failure to mitigate:

If a plaintiff fails to mitigate the damages arising from the situation, the damage awards for those cases should be reduced. *See Solar-West, Inc. v. Falk*, 141 Ariz. 414, 419, 687 P.2d 939, 944 (Ct. App. 1984). "[T]o prevail on its mitigation defense, Defendant must prove by a preponderance of the evidence: (1) that Plaintiff failed to use reasonable efforts to mitigate damages; (2) the amount by which damages would have been mitigated. *Peak v. Forever Living Prods. Int'l*, Inc., No. 2:11-cv-00903-SMM, 2013 U.S. Dist. LEXIS 201008, at *7 (D. Ariz. Nov. 5, 2013).

### (x)   Defendant's elements of proof for the defense of improper party:

Proving that the defendant made the allegedly defamatory statement is one of the elements of defamation. *See Malofeev v. Unknown Party*, No. CV-14-02684-PHX-DLR, 2016 U.S. Dist. LEXIS 5928, at *4 (D. Ariz. Jan. 19, 2016), citing to *See Morris v. Warner*, 160 Ariz. 55, 770 P.2d 359, 366 (Ariz. Ct. App. 1988). Thus, if the defendant did not make the statement, then the plaintiff has sued an improper party, and the defendant cannot be liable for defamation.

### 3.   **Factual and legal issues genuinely in dispute.**

#### a.   **Plaintiff's position:**

Factual issues in dispute are in all too numerous to summarize here (Defense's Answer & Counterclaim, Dkt. 10; Plaintiff's Answer to Counterclaim, Dkt. 15), and Defense has made no overture toward stipulating anything to narrow these disputes.

The central factual dispute, however, from which substantially all others derive and on which this entire case turns, is whether Amy Frank did or did not

substantially lie when she publicly described her interactions with Dr. Carrier. Did they only engage in some brief and polite discussion of possible future romantic interest that no reasonable person would deem ignominious? Or did a great deal more happen that would be substantially damaging to anyone's reputation?

Plaintiff avers that in her publications Defendant invented behaviors he never engaged in and contrary behaviors for herself that she never engaged in, explicitly to paint Dr. Carrier as having committed sexual harassment and assault, falsely representing him as disregarding Frank's denial of consent, rather than seeking and respecting her consent in all matters, as he avers he actually did.

Defendant avers, in turn, that the Plaintiff is lying about this, and consequently about her being a liar, and that his doing so has damaged her life and career. This is the central dispute on which this case turns.

### b.  Defendant's position:

The Defendant has fully briefed the factual issues in dispute in her Answer and Counter Claims (Dkt No. 10) and has provided an additional summary in section one above. The parties are unable to stipulate to narrow the dispute regarding the facts given that the Plaintiff essentially alleges that Ms. Frank made everything up about Dr. Carrier's inappropriate behavior in her Facebook Post and Ms. Frank brings counter claims against Dr. Carrier for his defamatory statements wherein he calls her a liar and an untruthful person.

### 4.    Jurisdictional basis of the case.

### a.  Plaintiff's position:

Plaintiff avers this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), based on the diversity of the parties and the amount in controversy is in excess of

$75,000.00 exclusive of interest and costs. Defense motion contesting this is pending before the court (Dkt. 23, 29, 35; also 36, 37).

Plaintiff avers he is a citizen of Ohio and was so at the time Defendant published her allegations giving rise to this action. Defendant avers she is a citizen of Arizona and was so at the time she published her allegations giving rise to this action.

Plaintiff has described the amount in dispute in prior briefs (Dkt. 29, 36, 37) as including punitive and provable damages, and, for Defamation Per Se, additional presumed damages. The exact amount will be demonstrated at trial, but Plaintiff avers it will not reasonably be less than $200,000 in provable special damages to his event and direct sales business, plus further presumed damages to Plaintiff's other business, financially as well as with regard to reputation impairment and impairment of community standing or future standing, and an additional amount for emotional harm (including humiliation and anxiety and future anxiety) that could reasonably be awarded by a jury to as much as $50,000, plus a comparable amount of punitive damages equal the sum of actual damages just described, for another $250,000, making $500,000 in claimable damages overall; or else some division of the resulting total that will be no less than $100,000.

Defense is contesting these declarations in a motion now pending before the court (Dkt. 23, 29, 35; also 36, 37).

### b. <u>Defendant's position:</u>

Plaintiff alleges that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Defendant agrees that the Plaintiff does not reside in the State of Arizona, and the Defendant resides in the State of Arizona. However, the Defendant contests that the amount in controversy as to the Plaintiff's alleged damages is in excess of $75,000.00.

**5.** __Parties, if any, that have not been served.__

All Parties have answered and appeared (Dkt. 9, 10, 15).

**6.** __The names of parties not subject to the Court's jurisdiction.__

    **a. Plaintiff's Position:**

Motion to resolve this question for all pertinent Parties is pending before the court (Dkt. 23, 29, 35; also 36, 37).

    **b. Defendant's Position**

Plaintiff, Dr. Richard Carrier.

**7.** __Existence of dispositive or partially dispositive issues.__

If this Court does not dismiss this case pursuant to the pending Motion to Dismiss, Defendant intends to file a Motion for Summary Judgment at a later time pursuant to Defendant's affirmative defenses.

**8.** __Suitability for reference to U.S. Magistrate Judge or Special Master.__

The Parties have conferred regarding consenting to a U.S. Magistrate Judge but do not wish to refer this case to a U.S. Magistrate Judge. The parties have conferred regarding a potential future settlement conference before a U.S. Magistrate Judge, but do not yet wish to enter mediation. There are no complex issues in this case requiring the appointment of a Special Master.

**9.** __Status of related cases.__

There are no related cases before this Court, but there are and have been related cases before other U.S. District Courts. As noted above, on September 1, 2016 Dr. Richard Carrier filed a lawsuit against Amy Frank, and several other defendants, for defamation and related claims in the Southern District of Ohio and that court dismissed his case as to

all the defendants for lack of jurisdiction. *Carrier v. FreethoughtBlogs Network et al*, S.D. Ohio 2:16-cv-00906-MHW-EPD.

Dr. Carrier has now filed simultaneous lawsuits for defamation regarding allegations of Carrier's sexual misconduct against several of the same defendants from the Ohio Suit. In Missouri, Dr. Carrier has sued Lauren Lane and a secular conference she co-founded called Skepticon regarding published allegations of sexual misconduct toward women who attended Skepticon and other allegations against Dr. Carrier, including the allegations posted by Ms. Frank in the Facebook Post. *See Carrier v. Skepticon*, Inc. et al, E.D. Mo. 4:19-cv-01059-JCH. The case is currently pending. Dr. Carrier also filed a lawsuit in Minnesota against another blogger who published an article that references Ms. Frank's allegations. *See Carrier v. Myers*, D. Minn. 0:19-cv-01152-PJS-LIB. This lawsuit is also pending.

**10.    Description of parties' discussions of MIDP responses.**

The parties timely traded mandatory initial discovery responses. Plaintiff has asked Defendant for a limited supplement and the parties intend to confer in good faith regarding Defendant's supplement within the next seven days. The parties will update the court regarding their progress at the scheduling conference.

**11.    Proposed deadlines.[1]**

    (a)    filing motions to amend the Complaint or to join additional parties:

              Friday, October 4, 2019

    (b)    <u>if a patent case</u>, exchange of patent claim constructions and filing of claim construction opening brief, response, and reply:

              Not applicable.

---

[1]    The Court prefers to set deadlines for Fridays.

(b)     completion of all fact discovery:

Friday, December 20, 2019

(c)     disclosure of expert testimony by Plaintiff(s) under Fed. R. Civ. P. 26(a)(2):

Friday, January 17, 2020

(d)     disclosure of expert testimony by Defendant(s) under Fed. R. Civ. P. 26(a)(2):

Friday, March 20, 2020

(e)     disclosure of rebuttal expert testimony:

Friday, April 17, 2020

(f)     disclosure of all witnesses, exhibits and other matters under Fed. R. Civ. P. 26(a)(3):

Friday, May 8, 2020

(g)     closure of all discovery:

Friday, May 29, 2020

(i)     completing good faith discussions of settlement:

Friday, June 26, 2020

(j)     filing dispositive motions, including *Daubert* motions:

Friday, July 17, 2020

**12.    Scope of discovery.**

**a.  Plaintiff's position:**

No changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure are requested by either Party at this time. Should circumstances arise that warrant a deviation from the Federal Rules of Civil Procedure or the Local Rules of this

Court, the Parties respectfully request the opportunity to present an application, or stipulation, outlining any proposed modifications to this discovery plan in future.

Plaintiff anticipates propounding written discovery (Interrogatories, Requests for Production of Documents, and Requests for Admissions) upon Defendant, and vice versa. Plaintiff anticipates deposing Defendant, and vice versa. Plaintiff also anticipates deposing other parties as may be necessary to impeach the testimony of the Defendant once deposed. Plaintiff has advised Defense as to the possible number and identify of such parties, and what stipulations or testimonial admissions would negate Plaintiff's need to depose them.

As to sequence of discovery, a dispositive Motion to Dismiss for Lack of Jurisdiction is already pending before the court before any ordered discovery on its subject matter; Plaintiff avers Defense is evading discovery already ordered by the court (per §10 above); and the possibility of phasing discovery has not even been raised by the Defense with the Plaintiff.

Plaintiff prefers and would accept all-at-once discovery. If Defense wishes discovery to proceed in phases, Plaintiff insists the already-ordered Mandatory Initial Discovery requirements be resolved first before any other proposed phasing of discovery.

**b.  Defendant's position:**

Defendant anticipates seeking written, document, and deposition discovery on at least the following subject matters:

(i)     Plaintiff's knowledge regarding the events of the night in question; and

(ii)    The factual bases for Plaintiff's remaining claims for relief.

**13.    Estimated length of trial.**

**a.  Plaintiff's position:**

The Plaintiff estimates four days for trial.

**b.  Defendant's position:**

The Defendant estimates two days for trial.

**14.     Request for jury trial and whether request is contested.**

Both parties have requested a jury trial.

**15.     Prospects for settlement.**

The parties have had limited settlement discussions. The parties believe that a settlement conference before a U.S. District Magistrate Judge might be helpful, once the parties have had an opportunity to take some discovery.

**16.     Class actions.**

Not applicable.

**17.     Existence of unusual, difficult, or complex issues.**

None.

**18.     Other matters.**

The parties do not currently anticipate any special issues in resolving this matter.

Dated this 15th day of July 2019.

 Respectfully Submitted,               Respectfully Submitted,

                                       RANDAZZA LEGAL GROUP, PLLC

/s/ Richard C. Carrier                 /s/ LaTeigra C. Cahill
_____                _____
Richard C. Carrier                     Marc J. Randazza, AZ Bar No. 027861
134 W. Tulane Rd. Apt. B               LaTeigra C. Cahill, *pro hac vice*
Columbus, OH 43202-1943                2764 Lake Sahara Drive, Suite 109
(510) 932-9536                         Las Vegas, Nevada 89117
richard.carrier@icloud.com             ecf@randazza.com

*Plaintiff proceeding pro se*          *Attorneys for Defendant*
                                       *Amy Elizabeth Frank*

Case No. 2:19-cv-02719-JJT

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on July 15, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully Submitted,

/s/ LaTeigra C. Cahill
_____

LaTeigra C. Cahill