1  **WO**

2

3

4

5

6                **IN THE UNITED STATES DISTRICT COURT**

7                    **FOR THE DISTRICT OF ARIZONA**

8

9   Richard C. Carrier,                              No. CV-19-02719-PHX-JJT

10                    Plaintiff,                      **ORDER**

11  v.

12  Amy Elizabeth Frank,

13                    Defendant.

14

15        At issue is Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 23;

16  Doc. 24, Mot.), to which Plaintiff filed a Response (Doc. 29, Resp.) and Plaintiff filed a

17  Reply (Doc. 35, Reply). Also at issue is Plaintiff's Motion for Leave to File a Sur-Reply

18  (Doc. 36).

19        Defendant argues that the Court lacks subject matter jurisdiction over Plaintiff's

20  claims because Plaintiff "fails to meet the amount-in-controversy requirement under

21  28 U.S.C. § 1332(a)." (Mot. at 1.) In his Complaint (Doc. 1), Plaintiff alleges that

22  Defendant published defamatory statements about him on social media. The Complaint

23  sets forth claims for defamation per se ("Count 1"), defamation per quod ("Count 2"),

24  intentional infliction of emotional distress ("Count 3"), and negligent infliction of

25  emotional distress ("Count 4").

26        The Court's subject matter jurisdiction is premised on the diversity of the parties, as

27  Plaintiff resides in Ohio and Defendant resides in Arizona. In Plaintiff's prayer for relief,

28

he seeks a total of $650,000 in compensatory damages[1] and $650,000 in punitive damages.[2] But Defendant argues that these amounts are artificially inflated and that Plaintiff "fails to meet his burden to demonstrate that the amount in controversy here truly exceeds $75,000." (Reply at 7.)

When assessing the amount in controversy for the purposes of diversity jurisdiction, the alleged damages must be taken from the face of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). And only if, "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed," may the Court dismiss an action for lack of subject matter jurisdiction. *Id.*

To the extent Defendant argues that *St. Paul Mercury* is not the proper standard or that evidence outside of the Complaint—such as Plaintiff's settlement offer—should be used to evaluate the amount in controversy, she is mistaken. (*See* Mot. at 4–5.) For example, Defendant cites to *Cohn v. Petsmart, Inc.*, for the proposition that a settlement letter may be used to discern the true amount of damages at stake. 281 F.3d 837 (9th Cir. 2001). But in *Cohn* and other cases where extrinsic evidence was used for such an evaluation, the case originated in state court at a time when "'the Supreme Court ha[d] drawn a sharp distinction between original jurisdiction and removal jurisdiction." *State Farm Fire & Cas. Co. v. Podoll*, 2011 WL 6020852, at *3 (D. Haw. Dec. 2, 2011). When courts adhered to that distinction, if one party sought removal and had to establish the amount in controversy in order to achieve federal jurisdiction, "the proponent of federal jurisdiction . . . ha[d] the burden to prove by a preponderance of the evidence, that removal [was] proper." *Id.* at 840.

In *Dart Cherokee Basin Operating Company v. Owens*, the Supreme Court did away with the additional requirement for a party seeking removal, and now "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 125 S. Ct. 547, 554 (2014). Regardless, Plaintiff in this case

_____

[1] Plaintiff seeks $250,000 in compensatory damages each for Counts 1 and 2, and $75,000 each for Counts 3 and 4. (Compl. at 13.)
[2] Plaintiff seeks $250,000 in punitive damages each for Counts 1 and 2, and $75,000 each for Counts 3 and 4. (Compl. at 13.)

1   brought his suit in federal court, and thus need not—under the old standard or its current

2   version—prove by a preponderance of the evidence that his damages satisfy the amount in

3   controversy requirement. Instead, the Court must look only to the face of his Complaint,

4   and "the sum claimed by the plaintiff controls if the claim is apparently made in good

5   faith." *St. Paul Mercury Indem. Co.*, 303 U.S. at 288.

6          While Defendant argues that the damages Plaintiff seeks are unreasonably high, she

7   does not persuade the Court that they are alleged in bad faith or that it is a "legal certainty

8   that Plaintiff cannot recover the amount claimed." *Id.* at 289. Having determined that

9   Plaintiff's alleged compensatory damages are sufficient to confer federal jurisdiction at this

10  stage of the litigation, the Court need not address Defendant's argument that Plaintiff's

11  punitive damages may not be considered in the accounting. (Reply at 4–5.)[3]

12         **IT IS THEREFORE ORDERED** denying Defendant's Motion to Dismiss for

13  Lack of Jurisdiction (Doc. 23).

14         **IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion to File a Sur-

15  Reply (Doc. 36).

16         Dated this 22nd day of August, 2019.

17

18         Honorable John J. Tuchi
           United States District Judge

19

20

21

22

23

24

25

26

27

28
    ---
    [3] Because Defendant's Motion is denied, the Court also need not address Plaintiff's
    argument that Defendant's Motion is untimely. (Resp. at 2–3.)